UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLVIA MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC.,<br><br>Defendant. | Case No. 15-cv-04229-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECTION 17200 CLAIM WITH LEAVE TO AMEND** |

Before the Court is Defendant's Motion to Dismiss Plaintiff's California Business & Professions Code § 17200 ("UCL") claim without leave to amend. ECF 12. On January 7, 2016, the Court heard argument on Defendant's motion. At the hearing, Defendant presented *Jenkins v. JP Morgan Chase Bank N.A.,* 216 Cal. App. 4th 497 (2013), a case not mentioned in its briefing. The Court deferred ruling on the UCL claim in order to allow Plaintiff to brief *Jenkins.* Order, ECF 18. Plaintiff provided briefing on January 13, 2016, ECF 20, and Defendant replied on January 20, 2016, ECF 21. The Court now considers the matter submitted.

While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true

allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Defendant argues that Plaintiff has failed to allege sufficient facts to establish standing under the UCL, which requires allegations that she has suffered economic injury as a result of the unfair competition she challenges. Cal. Bus. & Prof. § 17204; *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (plaintiff must show a "causal connection" between the economic injury and the alleged unfair conduct). This requirement is meant to "confine standing to those actually injured by a defendant's business practices and to curtail the prior practice of filing suits on behalf of 'clients who have not . . . had any business dealing with the defendant.'" *Jenkins*, 216 Cal. App. 4th at 521 (citing *Clayworth v. Pfizer, Inc.,* 49 Cal. 4th 758, 788 (2010)).

Plaintiff argues that she meets this standard because she alleges that she suffered the imminent loss of her home as a result of Defendant's failure to acknowledge receipt of her first lien loan modification application or to identify the deficiencies therein, in violation of California Civil Code § 2924.10. Compl., ¶¶ 23, 25, 26, 33. Defendant argues that Plaintiff fails to allege how this purported misconduct caused her to lose her home. Mot. at 8.

The Court agrees with Defendant that the current allegations do not suffice to plead causation. Plaintiff responds in her additional briefing that had Defendant provided Plaintiff the required notice, "Plaintiff would have been able to supply the information necessary to complete her loan modification application and potentially obtain a modification." If, on the other hand, she did not obtain a modification, Plaintiff would still have had time to "appeal the modification, seek alternative relief, or reinstate her loan." *Id.* at 2. None of these assertions appear in the Complaint. Even if they did, they would not suffice to plead causation. Plaintiff's explanation is too speculative—for example, she does not state how she could have sought alternative relief or reinstated the loan; instead, she relies on contingencies and hypotheticals. Furthermore, even Plaintiff's briefing does not assert that these possible events would have prevented the sale of her home.

Defendant further argues that the Court should dismiss the UCL claim without leave to

2

amend. *See* Def.'s Further Briefing at 3. Defendant asserts that Plaintiff's default on loan payments caused the loss and argues that, under *Jenkins*, this fact justifies dismissal without leave.

In *Jenkins*, the state appellate court affirmed the trial court's decision to dismiss a UCL claim without leave to amend. There, the plaintiff had also asserted that she suffered the impending foreclosure of her home as a result of the defendant's unlawful or unfair acts. 216 Cal. App. 4th at 522-23. The trial court sustained the defendant's first demurrer with leave to amend. After the defendant demurred to the amended complaint, the court sustained the demurrer without leave. In affirming this decision, the appellate court explained that the plaintiff had admitted "in both her [complaint] and opening brief that she defaulted on her loan" and it was "indisputable" that her default triggered the foreclosure. *Id.* at 523. The appellate court found that because the plaintiff's "default on her loan, which occurred before Defendants' alleged wrongful acts" caused the foreclosure, she had failed to allege the causation necessary for standing under the UCL. *Id.* "A plaintiff fails to satisfy the causation prong . . . if he or she would have suffered 'the same harm whether or not a defendant complied with the law.'" *Id.* at 523.

Defendant argues that the same logic applies here because Plaintiff, too, defaulted on her loan payments before Defendant's alleged misconduct and that the default was, therefore, the cause of her alleged damage. Unlike the *Jenkins* plaintiff, however, Plaintiff neither alleges that she defaulted on her loan, nor does she assert that in her briefing on this motion. Instead, Defendant asks the Court to determine that Plaintiff defaulted on her loan "almost nine years before the alleged unlawful act occurred" on the basis of a Notice of Default and Election to Sell Under Deed of Trust ("NOD"), dated October 20, 2014 and recorded in the Santa Clara County Recorder's Office on October 22, 2014, for which Defendant requests judicial notice. Mot. at 3; *see also* RJN, ECF 13. While the Court GRANTS the request for judicial notice of the NOD, this notice extends only to the claims and disclosures made in the document, not to the underlying facts—including the date of Plaintiff's supposed default. *See* Fed. R. Evid. 201. Thus, the Court cannot conclude, as the *Jenkins* court did, that Plaintiff cannot possibly allege that Defendant's purported misconduct caused her economic injury. Furthermore, the Court notes that the *Jenkins* trial court granted the plaintiff one opportunity to amend her complaint.

3

Accordingly, the Court GRANTS Defendant's Motion to Dismiss the UCL claim with leave to amend. Any amended complaint shall be filed **on or before February 19, 2016**.

**IT IS SO ORDERED.**

Dated: January 29, 2016

_____
BETH LABSON FREEMAN
United States District Judge