UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLVIA MENDOZA,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE, LLC.,<br><br>    Defendant. | Case No. 15-cv-04229-BLF<br><br>**ORDER GRANTING (1) MOTION TO DISMISS SECTION 17200 CLAIM AND (2) MOTION TO WITHDRAW AS ATTORNEY**<br><br>[Re: ECF 32, 37] |

Plaintiff Sylvia Mendoza alleges that Defendant violated the Homeowner's Bill of Rights ("HBOR") and California's Unfair Competition Law ("UCL") by failing to provide her with the information required under HBOR, including acknowledgement of its receipt of her loan modification application materials. First Amended Compl. ("FAC"), ¶ 1, ECF 30. Plaintiff alleges that, following this purported misconduct, Plaintiff and her husband lost their residence. *Id.* ¶¶ 1, 11-12. The Court previously dismissed the UCL Claim for failure to plead causation, but granted leave to amend. *See* First Dismissal Order, ECF 24. Defendant argues that Plaintiff has failed to cure the deficiency and now asks the Court to dismiss the claim with prejudice. Def.'s Mot., ECF 32. For the reasons stated below, Defendant's Motion to Dismiss the UCL Claim is GRANTED without leave to amend.

In addition, Plaintiff's counsel, the Mellen Law Firm ("Mellen"), seeks to withdraw as counsel of record in this matter. *See* Withdrawal Mot., ECF 37. The Court heard oral argument on the motion to withdraw on May 12, 2016 and neither Defendant nor Ms. Mendoza opposed the motion. For the reasons stated on the record and below, Plaintiff's Motion to Withdraw is GRANTED.

**I.     BACKGROUND**

Plaintiff alleges the following. Plaintiff and her husband owned and resided in the property located at 1315 Bagely Way, San Jose, CA ("Property"). FAC ¶¶ 11-12. Defendant is the servicer of her loan on the Property. *Id.* ¶¶ 7, 11.

In January 2015, Plaintiff applied for a loan modification from Defendant. *Id.* ¶ 14. On or about April 21, 2015, Plaintiff received an email from Defendant asking her to provide additional application materials, which she provided on May 8, 2015. *Id.* ¶ 15. On or about May 18, 2015, Plaintiff received another email from Defendant asking for various tax documents, which she submitted by the deadline of May 20, 2015. *Id.* ¶ 16. Plaintiff did not hear from Defendant again until June 10, 2015, when she again received an email from Defendant requesting additional documents for her modification application. *Id.* ¶ 17. Unbeknownst to Plaintiff, however, Defendant had caused the Property to be sold at a Trustee's Sale earlier that day. *Id.* ¶¶ 17, 19. Plaintiff asserts that Defendant violated HBOR and the UCL by failing to acknowledge receipt of her application materials and inform her of any deficiency in her application. *Id.* ¶¶ 23-28, 31-35.

**II.    MOTION TO DISMISS**

**A.  Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**B.  Discussion**

As in its First Motion to Dismiss, *see* ECF 12, Defendant argues that Plaintiff has again failed to allege sufficient facts to establish her standing under the UCL, which requires allegations that she has suffered economic injury as a result of the unfair competition she challenges. *See* Cal.

Bus. & Prof. § 17204; *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (plaintiff must show a "causal connection" between the economic injury and the alleged unfair conduct); *Jenkins v. JP Morgan Chase Bank N.A.,* 216 Cal. App. 4th 497 (2013). Defendant brought an identical argument in its first Motion to Dismiss, to which Plaintiff responded that her allegations sufficed because "had Defendant provided Plaintiff the required notice, 'Plaintiff would have been able to supply the information necessary to complete her loan modification application and potentially obtain a modification.' If, on the other hand, she did not obtain a modification, Plaintiff would still have had time to 'appeal the modification, seek alternative relief, or reinstate her loan.'" First Dismissal Order at 2 (quoting First Opp., ECF 20).

Reviewing those arguments, the Court first noted that none of Plaintiff's assertions appeared in her Complaint and found that "[e]ven if they did, they would not suffice to plead causation." *Id.* The Court explained, "Plaintiff's explanation is too speculative—for example, she does not state how she could have sought alternative relief or reinstated the loan; instead, she relies on contingencies and hypotheticals." *Id.*

Defendant contends that the only relevant change in the FAC is that Plaintiff now pleads those same contingencies, rather than simply arguing them in her brief. Mot. at 1, 5-7. Defendant is correct. Plaintiff now alleges that, had Defendant provided the notice it was required to provide, "Plaintiff would have been able to supply the information necessary to complete her loan modification application, and Plaintiff's property would not have been sold at foreclosure during the ongoing review. If Plaintiff's application was denied, she would have had the time proscribed within California Civil Code § 2923.6(d) to appeal the modification, seek alternative relief, or reinstate her loan pursuant to Civil Code § 2924c-d, if no other relief was available." FAC ¶ 34.

Plaintiff devotes only one paragraph of her Opposition to challenging Defendant's argument, and the paragraph does nothing more than paraphrase ¶ 34. *See* Pl.'s Opp. at 5-6, ECF 35. Thus, the Court agrees with Defendant. Plaintiff has failed to cure the deficiency clearly outlined in the Court's First Dismissal Order and has thereby established that additional leave to amend would be futile. Accordingly, the Court GRANTS Defendant's Motion to Dismiss without leave to amend.

### III. MOTION TO WITHDRAW

#### A. Legal Standard

The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citing *LaGrand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir.)). In this district, the California Rules of Professional Conduct govern withdrawal of counsel. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008); *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009). The Rules set forth several grounds under which an attorney may seek to withdraw, including "conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules of Prof 'l Conduct R. 3–700(C)(1)(d).

Under Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action unless relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Where "withdrawal of an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes." Civ. L.R. 11-5(b).

#### B. Discussion

Having completed briefing on the Motion to Dismiss, Mellen Law Firm seeks to withdraw as counsel for Ms. Mendoza due to an irretrievable breakdown in their relationship. In addition, Mellen explains that they have lost contact since March 2016, *see* Mellen Decl. ¶ 3, ECF 37-1, save for one call concerning this motion. Ms. Mendoza does not have substitute counsel and will proceed *pro se* if this motion is granted.

The Court finds that the breakdown of the relationship and the loss of contact between Plaintiff and Mellen both constitute good cause to grant Mellen's motion. Given the current case schedule, the Court further concludes that withdrawal will not prejudice justice or unduly delay resolution of this case. At the hearing on this motion, Mellen represented that the firm has fully advised Plaintiff that she needs to find additional counsel. Accordingly, the Court GRANTS

4

1  Mellen's Motion to Withdraw as Attorney of Record. Pursuant to Rule 11-5(b), this withdrawal is
2  subject to the condition that papers continue to be served on Mellen for forwarding purposes until
3  Ms. Mendoza obtains substitute counsel.
4  **IT IS SO ORDERED.**

6  Dated:  May 13, 2016

                                            _____
                                            BETH LABSON FREEMAN
                                            United States District Judge

5